## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TEDDY MEDWID,
           Appellant,

    v.

OFFICE OF PERSONNEL
    MANAGEMENT,
           Agency.

DOCKET NUMBER
NY-0831-18-0096-I-1

DATE: April 26, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Nancy Medwid</u>, Esquire, Plainfield, New Jersey, for the appellant.

<u>Michael Shipley</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision that affirmed the agency's denial of his annuity recalculation request under the Civil Service Retirement System (CSRS). For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

In April 2018, the appellant filed an appeal with Board contesting the agency's denial of his annuity recalculation request under the CSRS. Initial Appeal File (IAF), Tab 1. Specifically, the appellant contended that the lump sum payment that he received as part of a settlement agreement with his former employing agency was actually back pay and that it should be considered as additional years of service for annuity calculation purposes. *Id*. at 5, 8, 12, 14. The administrative judge issued an initial decision on June 20, 2018, affirming the agency's decision to deny the appellant's request because he failed to prove that the lump sum payment was designated as back pay. IAF, Tab 13, Initial Decision (ID). The initial decision advised the parties that it would become the final decision of the Board on the appeal, unless a party filed a petition for review by July 25, 2018. ID at 3. The instructions and procedures for filing a petition for review with the Board were included. ID at 3-7. Because the Board lacked a quorum at the time the initial decision was issued, the initial decision notified the parties that decisions on petitions for review could not be rendered by the Board until a quorum was restored and stated that, "[t]he lack of a quorum does not serve to extend the time limit for filing a petition or cross petition. Any party who files such a petition must comply with the time limits specified herein." ID at 4.

The appellant filed his petition for review with the Board via U.S. mail on August 13, 2018. Petition for Review (PFR) File, Tab 1. The Office of the Clerk of the Board informed the appellant that his petition appeared untimely filed and provided him with an opportunity to demonstrate that it was timely filed or that good cause existed to waive the time limit. PFR File, Tab 2 at 1-3, 7-8. The appellant, through his attorney representative, responded by stating that he did not file his petition in a timely manner because the Board was not issuing decisions on such petitions. PFR File, Tab 5 at 1. The agency moved to have the appellant's petition for review dismissed as untimely filed. PFR File, Tab 4 at 4.

## ANALYSIS

The appellant bears the burden to prove by preponderant evidence that his petition for review is timely filed. *Perry v. Office of Personnel Management*, 111 M.S.P.R. 337, ¶ 5 (2009); 5 C.F.R. § 1201.56(b)(2)(i)(B). A petition for review must generally be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. *Retzler v. Department of the Navy*, 114 M.S.P.R. 361, ¶ 4 (2010); 5 C.F.R. § 1201.114(e). The Board will waive this time limit only upon a showing of good cause. *Barker v. Department of the Air Force*, 98 M.S.P.R. 10, ¶ 7 (2004); 5 C.F.R. § 1201.114(g). To establish good cause, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Brame v. Department of Veterans Affairs*, 98 M.S.P.R. 224, ¶ 4 (2005). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of the appellant's excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of circumstances beyond his control, unavoidable casualty, or misfortune that prevented him from timely filing his petition. *Id.*; *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).

The initial decision was served on the appellant via U.S. mail on June 20, 2018. IAF, Tab 14. The Board recognizes that documents placed in the mail are presumed to be received within 5 days. *Williamson v. U.S. Postal Service*, 106 M.S.P.R. 502, ¶ 7 (2007). The appellant has not set forth any argument that he received the initial decision more than 5 days after its issuance. Therefore, as correctly outlined in the initial decision, the appellant's deadline for filing his petition for review was July 25, 2018, which was 35 days after the issuance of the initial decision. ID at 3; *see Retzler*, 114 M.S.P.R. 361, ¶ 4; 5 C.F.R. § 1201.114(e).

The appellant's petition for review is postmarked August 13, 2018. PFR File, Tab 1 at 4. The date of a filing by mail is determined by the postmark date, meaning the appellant filed his petition 19 days beyond the deadline. 5 C.F.R. § 1201.4(*l*). This is not a minimal delay, especially considering that the appellant was represented by counsel. *See Gonzalez v. Department of Veterans Affairs*, 111 M.S.P.R. 697, ¶ 11 (2009) (finding that an 8-day filing delay was "not minimal"); *Lima v. Department of the Air Force*, 101 M.S.P.R. 64, ¶ 8 (2006) (finding that a 9-day delay in filing a petition for review by an appellant represented by counsel was "not minimal"). Moreover, the appellant's sole argument to establish good cause was that the Board lacked a quorum during the filing period, meaning no decisions on petitions were being issued. PFR File, Tab 5 at 1. In the initial decision however, the appellant received explicit notice that the Board's lack of a quorum did not serve as justification to extend the filing period of a petition for review. ID at 4. The appellant also received notice to comply with the time limits despite the Board's lack of a quorum. ID at 4. It is not an exercise of due diligence or ordinary prudence when a party fails to take heed of the instructions and deadline date contained in an initial decision regarding the filing of a petition for review. *McNevin v. Department of the Air Force*, 77 M.S.P.R. 108, 112 (1997). As a result, we find that the appellant has not established good cause to justify waiving the 19-day filing delay. Accordingly, we dismiss his petition for review as untimely filed.

This is the final decision of the Board concerning the timeliness of the appellant's petition for review. The initial decision remains the final decision of the Board concerning the merits of the appeal. 5 C.F.R. § 1201.113(c).

**NOTICE OF APPEAL RIGHTS**[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be underline received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.